J. H. MUNN, Appellee, v. HENRY HOLST, Appellant.

**WATERS AND WATERCOURSES:** Injunction. Injunction will lie to prevent a substantial obstruction of the natural flow.

*Appeal from Scott District Court.*—WILLIAM THEOPHILUS, Judge.

OCTOBER 25, 1918.

SUIT in equity to enjoin the defendant from maintaining a dike or levee. This dike obstructed the flow of water from plaintiff's land. Upon trial had, there was a decree for the plaintiff. The defendant has appealed.—*Affirmed.*

*Carroll Bros.,* for appellant.

*Ruymann & Ruymann,* for appellee.

EVANS, J.—Plaintiff and defendant own adjoining farms. The partition line between them runs north and south, the plaintiff's farm lying to the west and the defendant's to the east. This partition line is traversed by a swale, or natural watercourse. The flow of the water upon this land is northeasterly and northerly. Near this line, the surface elevation of defendant's land is somewhat lower than that of the plaintiff. This is particularly so as to a pond which lies partly on both sides of the line, but mostly upon the east side thereof. In 1915, the defendant constructed a ditch upon the partition line, which was calculated to carry the water northward approximately along its natural course. Under ordinary conditions of rainfall, this is the effect of the ditch thus constructed, although the current of the stream is very slow, because of the nearly level character of the natural surface. In connection with the construction of said ditch, the defendant used the dirt for the construction of a levee on the east side of the ditch. This levee was made 2 or 3 feet in height, and extended for a distance of about 40 rods. The general contention of the defendant is that the ditch thus dug by him was effective in taking off the water, and was thereby such a benefit to the plaintiff as to preclude him from complaining of the levee. The real purpose of the levee is to prevent overflow upon the defendant's lower land, as a result of unusual rainfall and freshets. Defendant's controlling idea is that, under such circumstances, the presence of his levee will force the water through the ditch, and thereby accomplish

its discharge down the course. The trouble with the idea is that the levee, which is effective to hold back the overflow from the defendant's land, necessarily holds it back upon the plaintiff's land. In so far as the capacity of the ditch is sufficient to carry off the flow of water, both parties are entitled to the benefit of it. But the defendant is not entitled, for that reason, to erect barriers against the surplus water, which protect him only by accumulating the same upon the plaintiff's land. The decree entered by the trial court is fully supported by the evidence. It is, accordingly, —*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.